**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN M. MCMAHAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:22-cv-01525** |
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| **NOT ITS INDIVIDUAL CAPACITY BUT** | § | |
| **SOLELY AS TRUSTEE FOR THE** | § | |
| **RMAC TRUST, SERIES 2016-CTT AND** | § | |
| **RUSHMORE LOAN MANAGEMENT** | § | |
| **SERVICES AND AVT TITLE SERVICES** | § | |
| **LLC AND SETERUS INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant U.S. Bank National Association, not in its Individual Capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT ("Defendant" or "U.S. Bank"), files this notice of the removal of this action from the 125th Judicial District Court, Harris County, Texas. Defendant submits this Notice in support of its removal. Removal is based on diversity of citizenship jurisdiction. Defendant respectfully shows as follows:

## INTRODUCTION

1.      On or about May 2, 2022, Plaintiff John M. McMahan ("Plaintiff") instituted this action, styled *John M. McMahan v. U.S. Bank National Association not its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT and Rushmore Loan Management Services and AVT Title Services LLC and Seterus Inc.,* under Cause No. 2022-26172 in the 125th Judicial District Court, Harris County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In

accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto within the contents of Exhibit B.

2.      Plaintiff filed his *Plaintiff's Original Petition and (Application for Temporary Restraining Order and Temporary Injunction and Permanent Injunction) in Cause No. 2022-26172* (the "Petition") on May 2, 2022. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on real property located at 20318 Sunny shores Drive, Humble, Texas 77346.  Plaintiff alleges Defendant has no right to foreclose on the property because the amount of the loan was wrongfully charged additional fees, the Defendant did not account for payments made by Plaintiff, Defendant misrepresented the outstanding balance, and failure to give proper notices including the payoff. (*See*, *generally*, *Exhibit B.*) For these alleged wrongs, Plaintiff asserts a case of action for declaratory relief. (*See id.*)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the case first became removable, making removal proper in accordance with 28 U.S.C. Section 1446(b)(3).

4.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.      There is diversity between the parties.**

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1441(b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

**1.      There is complete diversity.**

6.      Plaintiff is an individual and citizen of the state of Texas. (*See Exhibit B.*)

7.      Defendant is a national bank and a trustee of a mortgage-securitization trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004). U.S. Bank's main office is in Ohio, making it a citizen of Ohio for diversity jurisdiction.

## 2.      Rushmore Loan Management Services, AVT Title Services LLC and Seterus Inc. were improperly joined.

8.      The doctrine of improper joinder entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id. Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted). The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not

merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

9.      In determining whether there is a reasonable basis to predict whether the plaintiff might recover against an in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

### i. Rushmore Loan Management Services and Seterus are improperly joined.

10.      While Plaintiff is combining Rushmore Loan Management Services ("Rushmore"), U.S. Bank, AVT Title Services LLC ("AVT"), and Seterus Inc. ("Seterus") generally as "Defendants," attached as Exhibit D is the assignment that shows U.S. Bank as the beneficiary of the Deed of Trust. (*See* Exhibit D.) On January 17, 2020, MTGLQ Investors, LP. ("MTGLQ") assigned its interest in the Deed of Trust to U.S. Bank. (*See id.*) The written assignment was recorded in the Official Records of Harris County, Texas on February 26, 2020 as Instrument RP-2020-87479. (*See id.*)  Seterus was a prior servicer of the subject mortgage loan, but has not been the servicer since 2016. (*See Pl's Orig. Pet., at p. 4*).  Rushmore was the successor servicer after Seterus.  The only required party is the beneficiary of the Deed of Trust, U.S. Bank. *See Schmelzer v. Nationstar Mortgage, LLC*, No. 4:16-cv-389, 2016 U.S. Dist.

LEXIS 108139, *12-13 (E.D. Tex. Aug. 16, 2016) (mortgage servicer is improperly joined in suit to declare mortgage lender's lien invalid).  Therefore, Plaintiff has failed to plead a viable underlying cause of action against either Rushmore or Seterus causing Plaintiff's request for declaratory judgment against Rushmore and Seterus to fail as a matter of law.

11.     The allegations in the Petition do not support an independent cause of action against Rushmore or Seterus, and they have been improperly joined. Plaintiff's request for declaratory judgment does not require Rushmore or Seterus as a party. If Plaintiff were to prevail, the Court could enter a final judgment against U.S. Bank giving Plaintiff the full relief he has requested.

12.     Further, as there is no viable claim against Rushmore or Seterus, Plaintiff's request for injunctive relief is also improper.  *See also Norton v. Wells Fargo Bank, N.A.*, No. 4:19-cv-0001-O-MP, 2019 U.S. Dist. LEXIS 142034, *18 (N.D. Tex., Aug. 2, 2019) (failure to state viable cause of action makes request for injunctive relief moot pursuant to Rule 12(b)(6)). The citizenship of Rushmore and Seterus must be disregarded for purposes of diversity jurisdiction.

### ii.  AVT Title Services LLC is improperly joined.

#### a.   The Trustee Defendants are agents of U.S. Bank.

13.     Plaintiff's *only* allegations against AVT expressly relate to its role as trustee in sending notices of foreclosure on the loan for U.S. Bank. (*See* Pl's Orig Pet. at p. 6-7)(stating that defendants did not provide a notice of acceleration).   It is commonly understood that foreclosure trustees are regarded as agents.  *See Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ). Courts have held that, where both a principal and its agents are named as defendants, only the citizenship of the principal is considered in assessing diversity of citizenship. *See e.g., Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency*, 149 F.3d 794,

796 (8th Cir. 1998) (holding that for diversity purposes, "the citizenship of an agent … must be ignored"); *Airlines Reporting Corp. v. S&N Travel*, 58 F.3d 857, 862 (2d Cir. 1995) (same); *Littleton v. American Bankers Life Ins. Co. of Florida*, 289 F. Supp. 2d 776, 781 (S.D. Miss. 2003) (to same effect). Accordingly, the citizenship of AVT can be disregarded for this reason.

b.   <u>The AVT Title Services LLC is protected from liability.</u>

14.     Additionally, substitute trustees are considered nominal parties whose presence is disregarded for determining diversity.  *Zavala v. M & T Trust Co*., SA-11-CV-956-XR, 2011 WL 6739614, *2, 2011 U.S. Dist. LEXIS 147119 (W.D. Tex. Dec. 22, 2011) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).  As in *Zavala*, Plaintiff does not allege any facts that suggest that a claim is being asserted directly against AVT based on any alleged misconduct. (*See*, *generally*, Petition.)

15.     Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure.  *Zavala*, 2011 WL 6739614 at *2 (*citing* TEX. PROP. CODE § 51.007.) Thus, AVT is not a necessary party for Plaintiff to obtain the relief he seeks, and AVT's presence must be disregarded for purposes of determining diversity.  *See id*. at *2-3 (citing *Marsh*, 760 F.Supp.2d at 709; *Gregory v. S. Tex. Lumber Co*., 216 S.W. 420, 421 (Tex. App.—San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure)).  As such, the citizenship of AVT should be disregarded.  *See Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005).

16..     In ignoring the citizenship of Rushmore, Seterus and AVT, there is complete diversity between Plaintiff and U.S. Bank. (*See* discussion *infra* § A.1.) Accordingly, there is complete diversity among the parties.  *See id*.; 28 U.S.C. § 1332(a)(2).

17.     The consent of Rushmore, Seterus and AVT is not required because they were improperly joined. *See Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-cv-2739-G, 2012 WL 2715691, at *2 (N.D. Tex. July 9, 2012) ("a removing defendant is not required to obtain the consent of any defendant who has been improperly joined") (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

**B.     The amount in controversy exceeds $75,000.00.**

18.     The amount in controversy exceeds the sum or value of $75,000.00. When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotes removed).

19.     In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the

object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

20.     Plaintiff seeks, *inter alia*, to enjoin U.S. Bank from foreclosing on the lien on the Property. (*See* Petition; TRO.) As a result, Plaintiff put an amount in controversy equal to the value of the Property. The Harris County Appraisal District values the Property at $280,395.00, an amount well in excess of $75,000.00. (*See* Exhibits C, C-1.) For this reason alone, the amount-in-controversy requirement has been met.

## VENUE

23.     Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, Houston Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 125th Judicial District Court, Harris County, Texas, the forum in which the removed action was pending.

## NOTICE

24.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 125th Judicial District Court, Harris County, Texas.

25.     The contents of Exhibit B constitute the entire file of Cause No. 2022-26172 in the 125th Judicial District Court, Harris County, Texas.

## CONCLUSION

For the reasons described above, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **KARLA M. BALLI**
    Texas Bar No. 24035997
    kballi@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

***Attorney for Defendant U.S. Bank National Association, not its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT***

## List of All Parties

John M. MaMahan
Plaintiff

U.S. Bank National Association, not its Individual Capacity but Solely as Trustee for the RMAC
Trust, Series 2016-CTT
Defendant

Rushmore Loan Management Services
Defendant

AVT Title Services LLC
Defendant

Seterus Inc.
Defendant

## Removed From the Following Court

125th Judicial District Court
Harris County, Texas
Honorable Kyle Carter
Judge Presiding

Harris County Civil Courthouse
201 Caroline, 10th Floor
Houston, Texas 77002
(832) 927-2553
Melissa Torres, Coordinator

## Current Status of Removed Case

Pending.

## Record of Jury Demand

None.

**<u>List of all Counsel of Record</u>**

<u>For Plaintiff John M. McMahan:</u>

Abhijit Modak
Texas Bar No. 00786115
2710 Wind Brush Drive
Spring, Texas 77388
ovmodaklaw@gmail.com
(281) 802-1900
(281) 205-8117 (Fax)

<u>U.S. Bank National Association, not its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2016-CTT</u>

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
Karla M. Balli
Texas Bar No. 24035997
kballi@mwzmlaw.com
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A      Copy of the Docket Sheet for Cause No. 2022-26172 in the 125th Judicial District Court, Harris County, Texas;

Exhibit B      Pleadings in Cause No. 2022-26172 in the 125th Judicial District Court, Harris County, Texas;

      B-1    Plaintiff's Original Petition and Order on Plaintiff's Request for Temporary Restraining Order and Temporary Injunction, May 2, 2022;

      B-2    Verification to Plaintiff's Original Petition and Order on Plaintiff's Request for Temporary Restraining Order and Temporary Injunction, May 2, 2022;

      B-3    Order on Plaintiff's Request for Temporary Restraining Order and Temporary Injunction, May 3, 2022;

      B-4    Clerk's Certificate of Cash Deposit, May 3, 2022;

Exhibit C      Declaration of Karla M. Balli; and

      C-1    Printout from the Harris County, Texas Central Appraisal District website on May 12, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via U.S. Mail on the following counsel of record on May 12, 2022:

Abhijit Modak
2710 Wind Brush Drive
Spring, Texas 77388
ovmodaklaw@gmail.com

*/s/ Karla M. Balli*
**KARLA M. BALLI**